No. 14-16949

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

E. & J. GALLO WINERY, a California Corporation,

*Appellee,*

vs.

GRENADE BEVERAGE, LLC, a California Limited Liability Company,

*Appellant.*

On Appeal From the United States District Court
For the Eastern District of California
Hon. Anthony W. Ishii
Case No. 1:13-cv-00770-AWI-SAB

## NOTIFICATION OF FILING UNDER SEAL AND MOTION TO FILE UNDER SEAL

STEVEN M. WEINBERG (SBN 235581)
MICHAEL J. SALVATORE (SBN 281118)
HOLMES WEINBERG, PC
30765 Pacific Coast Highway, Suite 411
Malibu, California 90265
Telephone: (310) 457-6100
Facsimile: (310) 457-9555
E-Mail: smweinberg@holmesweinberg.com
msalvatore@holmesweinberg.com

Attorneys for Appellee
E. & J. GALLO WINERY

Pursuant to Circuit Rule 27-13, Plaintiff and Appellee E. & J. Gallo Winery ("Gallo") hereby gives notice that it will file certain portions of its supplemental excerpts of record under seal.

These materials were filed under seal in the district court below pursuant to a stipulated protective order, which was entered by the district court on January 28, 2014. A true and correct copy of the protective order is attached hereto as **Exhibit A**. The portions of the supplemental excerpts of record Gallo seeks to file under seal are statements of undisputed facts, declarations and exhibits to the underlying briefing which were filed under seal in the district court. They include information that the parties have designated pursuant to the protective order as highly proprietary and/or confidential information, relating to confidential business and financial information, and similar information not generally known or available to the public concerning Gallo's business. The information contained in the portions of the supplemental excerpts that Gallo seeks to file under seal will not be afforded sufficient protection if publicly filed.

Consistent with the terms of the protective order, Gallo hereby moves to file portions of its supplemental excerpts of record under seal.

Respectfully submitted,

DATED: May 20, 2015

HOLMES WEINBERG, PC

By: _____

Steven M. Weinberg

Attorneys for Appellee
E. & J. GALLO WINERY

| | |
|---|---|
| 1 | D. GREG DURBIN (SBN 81749) |
| | Greg.durbin@mccormickbarstow.com |
| 2 | McCORMICK BARSTOW SHEPPARD |
| | WAYTE & CARRUTH LLP |
| 3 | 7647 N. Fresno Street |
| | Fresno, CA 93720 |
| 4 | Tel: (559) 433-1300 |
| | Fax: (559) 433-2300 |
| 5 | |
| 6 | STEVEN M. WEINBERG (SBN 235581) |
| | smweinberg@holmesweinberg.com |
| 7 | MICHAEL J. SALVATORE (SBN 281118) |
| | msalvatore@holmesweinberg.com |
| 8 | HOLMES WEINBERG, PC |
| | 30765 Pacific Coast Highway, Suite 411 |
| 9 | Malibu, CA 90265 |
| | Tel: (310) 457-6100 |
| 10 | Fax: (310) 457-9555 |
| 11 | Attorneys for Plaintiff E. & J. Gallo Winery |
| 12 | WILLIAM S. KRONENBERG (SBN 133730) |
| | wkronenberg@krolaw.com |
| 13 | STEVEN W. YUEN (SBN 230768) |
| | syuen@krolaw.com |
| 14 | KRONENBERG LAW PC |
| | 1999 Harrison Street, Suite 1450 |
| 15 | Oakland, CA 94612 |
| | Tel: (510) 254-6767 |
| 16 | Fax: (510) 788-4092 |
| 17 | Attorneys for Defendant Grenade Beverage, LLC |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| E. & J. GALLO WINERY, | Case No. 1:13-CV-00770-AWI-SAB |
| Plaintiff, | (Assigned to Hon. Anthony W. Ishii) |
| v. | **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| GRENADE BEVERAGE LLC, | |
| Defendant. | |

**EXHIBIT A**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant

**EXHIBIT A**

1  in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time
2  of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3     2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:
4  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party
5  would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6     2.8   House Counsel: attorneys who are employees of a Party to this action. House Counsel does
7  not include Outside Counsel of Record or any other outside counsel.

8     2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity
9  not named as a Party to this action.

10    2.10  Outside Counsel of Record: attorneys who are not employees of a Party to this action but
11 are retained to represent or advise a party to this action and have appeared in this action on behalf of that
12 party or are affiliated with a law firm which has appeared on behalf of that party.

13    2.11  Party: any party to this action, including all of its officers, directors, employees, consultants,
14 retained experts, and Outside Counsel of Record (and their support staffs).

15    2.12  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in
16 this action.

17    2.13  Professional Vendors: persons or entities that provide litigation support services (e.g.,
18 photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or
19 retrieving data in any form or medium) and their employees and subcontractors.

20    2.14  Protected Material: any Disclosure or Discovery Material that is designated as
21 "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22    2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing
23 Party.

24 3.  SCOPE
25    The protections conferred by this Stipulation and Order cover not only Protected Material (as
26 defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,
27 excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or
28 presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

**EXHIBIT A**

conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that

**EXHIBIT A**

4

1  Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2  5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. For Disclosure or Discovery Material produced by a Non-Party who is a Producing Party, the Designating Party may designate such Protected Material within a reasonable time, but no later than 30 days after the Designating Party first receives such Disclosure or Discovery Material from the Party who sought Disclosure or Discovery Material from the Non-Party.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all

**EXHIBIT A**

5

protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of

**EXHIBIT A**

protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule 133 (and in compliance with Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is

**EXHIBIT A**

7

earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

**EXHIBIT A**

8

manner[2] that ensures that access is limited to the persons authorized under this Order.

   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the court and its personnel;

   (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

**EXHIBIT A**

9

Case 1:13-cv-00770-AWI-SAB   Document 38   Filed 01/28/14   Page 10 of 16

1       7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

      (c) the court and its personnel;

      (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>[3]

      (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission

---

[3] *Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one, and such Expert has signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**EXHIBIT A**

10

to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[5]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 21 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule 133 (and in compliance with Local Rule 141, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the

---

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert shall provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[5] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

**EXHIBIT A**

11

disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a

**EXHIBIT A**

1  Non-Party from seeking additional protections.

2      (b)    In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[6] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

    If a Receiving Party learns, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

# EXHIBIT A

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Parties may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANEOUS**

12.1 **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

**EXHIBIT A**

1  Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used
2  in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any
3  other format reproducing or capturing any of the Protected Material. Whether the Protected Material is
4  returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if
5  not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by
6  category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that
7  the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format
8  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled
9  to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
10 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and
11 consultant and expert work product, even if such materials contain Protected Material. Any such archival
12 copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in
13 Section 4 (DURATION).
14        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15
16 DATED:   1/28/14            /Steven M. Weinberg/
          Steven M. Weinberg
17        HOLMES WEINBERG, PC
          30765 Pacific Coast Highway, Suite 411
18        Malibu, California 90265
          Tel: (310) 457-6100
19        Email: smweinberg@holmesweinberg.com
          Attorneys for Plaintiff E. & J. Gallo Winery
20
   DATED:   1/28/14            /Steven W. Yuen/
21        Steven W. Yuen
          KRONENBERG LAW PC
22        1999 Harrison Street, Suite 1450
          Oakland, CA 94612
23        Tel: (510) 254-6767
          Email: syuen@krolaw.com
24        Attorneys for Defendant Grenade Beverage, LLC

25 PURSUANT TO STIPULATION, IT IS SO ORDERED.
26
   DATED:  January 28, 2014         _____
27                                  Hon. Stanley A. Boone
                                    United States Magistrate Judge
28

**EXHIBIT A**

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Eastern District of California on _____ [date], in the case of E. & J. GALLO WINERY v. GRENADE BEVERAGE LLC, Case No. 1:13-CV-00770-AWI-SAB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise I will not disclose in any manner any information or item subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
              [signature]

**EXHIBIT A**

16

## CERTIFICATE OF SERVICE

I, NELDA PIPER, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 30765 Pacific Coast Highway, Suite 411, Malibu, California 90265, (310) 457-6100.

On **May 20, 2015,** I served the document described as:

**Notification of Filing Under Seal and Motion to File Under Seal**

**Confidential Supplemental Excerpts, Vol. 1**

**Confidential Supplemental Excerpts, Vol. 2**

on the interested parties in this action:

| John Guilino<br>2107 N. Broadway, Suite 309<br>Santa Ana, CA 92706 | *Appellant's Attorney of Record* |
|---|---|

☒ BY UNITED STATES EXPRESS MAIL: I enclosed true copies of the document(s) in a sealed envelope or package addressed to the persons included above or on the attached service list, with prepaid postage in the U.S. mail in Santa Monica, California.

I am "readily familiar" with this firm's practice for the collection and processing of correspondence for mailing On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ [Federal]: I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **May 20, 2015**, at Malibu, California.

//Nelda Piper//
**NELDA PIPER**

*PRINTED ON RECYCLED PAPER*

*PROOF OF SERVICE*